873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Lovell HUTTO, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Lovell HUTTO, Jr., Defendant-Appellant.
 Nos. 88-7770, 89-7549.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 10, 1989.
Decided: April 14, 1989.
 
 George Lovell Hutto, Jr., appellant pro se.
 Robert Claude Jendron, Jr. (Office of the United States Attorney), for appellee.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 George Lovell Hutto, Jr., appeals from the district court's orders denying his motions to compel defense counsel to produce documents and to produce documents at government expense. Our review of the record and the district court's opinions discloses that these appeals are without merit.[1] Accordingly, we affirm on the reasoning of the district court. United States v. Hutto, CR-87-14 (D.S.C. Aug. 25, 1988; Feb. 6, 1989).[2]
 
 
 2
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 Nothing in this opinion or in the district court's orders should be construed to prohibit Hutto from bringing another motion for production of documents at government expense. Hutto must, however, identify with as much specificity as possible the documents sought and must give specific and detailed reasons why the documents are needed
 
 
 [2]
 We note that Hutto has filed a lengthy informal brief in these appeals containing documents that quite clearly were not before the district court. To the extent that the material submitted with the informal brief was not before the district court, we have not considered it. We also note that a number of the materials and allegations in the informal brief relate to challenges to Hutto's conviction. Such matters should be brought in the district court in the first instance pursuant to the post-conviction procedures of 28 U.S.C. Sec. 2255, on forms available from the district court for that purpose. Accordingly, we decline to address them in the first instance in these appeals. Our decision in this regard is without prejudice to Hutto raising his claims in a properly filed Sec. 2255 motion